**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Robert S. Trisotto**
Assistant U.S. Attorney
Robert.Trisotto@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 24, 2024

<u>**Via Email**</u>
Clais Daniels-Edwards
Assistant Federal Public Defender
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

Re:    *United States v. Ross Benjamin Sierzega*, 3:24-cr-00041-HZ
        Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned in this plea agreement.

2.    **Charges**:  Defendant agrees to plead guilty to Counts 1 and 6 of the Indictment, which charge violations of Title 18, United States Code, Section 1344(2) (Bank Fraud) and Title 18, United States Code, Section 1028A(a)(1) (Aggravated Identity Theft), respectively.

3.    **Penalties**:

- **Count 1 (Bank Fraud, in violation of Title 18, United States Code, Section 1344(2))**:  The maximum sentence is 30 years' imprisonment, a fine of $1,000,000, 5 years of supervised release, and a $100 fee assessment.

- **Count 6 (Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1))**:  The maximum sentence is 2 years' imprisonment, a fine of $250,000 (or twice the gross gain or gross loss resulting from the offense, whichever is greatest), 1 year of supervised release, and a $100 fee assessment.  Additionally, the mandatory minimum sentence is 2 years' imprisonment, which must run consecutive to any other sentence of imprisonment.

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 2

Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that because a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.     **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.     **Elements and Factual Basis**: For defendant to be found guilty of Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly carried out a scheme or plan to obtain money or property from Wells Fargo Bank, N.A., by making false statements or promises;

Second, defendant knew that the statements or promises were false;

Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property;

Fourth, defendant acted with the intent to defraud; and

Fifth, Wells Fargo Bank, N.A. was federally insured.

For defendant to be found guilty of Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1), the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly transferred, possessed or used without legal authority a means of identification of another person;

Second, defendant knew that the means of identification belonged to a real person; and

Third, defendant did so during and in relation to Bank Fraud, as charged in Count 1 of the Indictment.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 3

Beginning on an unknown date and continuing until at least on or about February 15, 2023, defendant knowingly carried out a scheme to obtain money from Wells Fargo Bank, N.A., a federally insured financial institution, by making false statements or promises. Specifically, on an unknown date, defendant obtained a stolen debit card of an 85-year-old man ("Adult Victim 1"). On or about January 31, 2023, defendant knowingly used Adult Victim 1's debit card and automatic teller machine ("ATM") personal identification to withdraw $500 from a Wells Fargo Bank, N.A. ATM located in Salem, Oregon. In doing so, defendant falsely represented to Wells Fargo Bank that defendant was an authorized user of Adult Victim 1's debit card and concealed from Wells Fargo Bank that defendant did not have Adult Victim 1's consent to use the stolen debit card or ATM personal identification number.

Defendant knew that these statements or promises made to Wells Fargo Bank, N.A., on or about January 31, 2023 were false and defendant acted with the intent to defraud. These statements or promises were also material because they had a natural tendency to influence Wells Fargo Bank, N.A., to part with money, namely $500.

Additionally, defendant knew that he did not have lawful authority to use Adult Victim 1's debit card and ATM personal identification number, both of which are means of identification. Defendant also knew that Adult Victim 1 was a real person. In total, defendant fraudulently obtained $16,000 from Wells Fargo Bank, N.A., by using Adult Victim 1's stolen debit card.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Sentencing Guidelines Calculations**:  The parties agree to the following applicable Sentencing Guideline factors:

| | | |
|---|---|---|
| Base Offense Level | U.S.S.G. § 2B1.1(a)(1): | 7 |
| Loss > $15,000 | U.S.S.G. § 2B1.1(b)(1)(C): | +4 |
| Substantial Financial Harm | U.S.S.G. § 2B1.1(b)(2)(A)(iii): | +2 |

The parties reserve the right to argue that additional specific offense characteristics under the Sentencing Guidelines are appropriate. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 4

the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.     **Sentencing Recommendation**:  The USAO will recommend the low end of the applicable guideline range as determined by the Court if defendant demonstrates an acceptance of responsibility as explained above.  For purposes of this agreement, the low end of the applicable guideline range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, as determined by the Court.  In making a recommendation no higher than the low end of the applicable sentencing guidelines range, the United States may include aggravating information concerning defendant's conduct in this case and/or his personal history and characteristics to support the requested sentence, and to argue against, respond to, and rebut any request by defendant for a sentence lower than the low end of the applicable sentencing guidelines range.

The USAO does not object to any sentence imposed by the Court in this case running concurrently to any sentence that may later be imposed against defendant in his pending State cases, including *State of Oregon v. Ross Sierzega*, Case Nos. 23CR58355, 23CR54486, 23CR54002, 23CR54270, 23CR52277, 23CR48775, 23CR42686, and 23CR41166.  *See Setser v. United States*, 566 U.S. 231, 236 (2012) (holding that a federal district court has discretion to select whether the sentence it imposes will run either concurrently or consecutively to an anticipated state sentence that has not yet been imposed).

10.     **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures or adjustments to the advisory sentencing guideline range under the sentencing guidelines provisions.

Defendant reserves the right to seek up to a 4-level downward variance under 18 U.S.C. § 3553 and understands that the government reserves its right to oppose such a request. Defendant agrees that, should defendant seek a downward variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 5

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18
U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as
determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may
take any position on any issue on appeal. Defendant also waives the right to file any collateral
attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or
sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as
provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's
convictions under this agreement are vacated, the government may reinstate and/or file any other
charges, and may take any position at a resentencing hearing, notwithstanding any other
provision in this agreement.

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the
parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case. Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to
motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, defendant
must raise any such claim before the district court, either prior to or at sentencing. If defendant
fails to raise a breach claim in district court, defendant has waived any such claim and is
precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any
interest or over which defendant exercises control, directly or indirectly, including those held by
a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial
Disclosure Statement provided by the earlier of fourteen days from defendant's signature on this
plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury,
and provide it to both the USAO and the United States Probation Office. Defendant agrees to
provide updates with any material changes in circumstances, as described in 18 U.S.C.
§ 3664(k), within seven days of the event giving rise to the changed circumstances.

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 6

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets.** Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution.** The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement. In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of: (1) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed under this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is about $16,000 but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Under 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 7

economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Forfeiture Terms**:

        A.      **Assets and Authority**: By signing this agreement and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, defendant knowingly and voluntarily forfeits all right, title, and interest in and to $16,000 U.S. currency, in the form of a money judgment, which defendant admits represents proceeds defendant personally obtained, directly or indirectly, as a result of defendant's criminal activity set forth in Counts 1 and 6 of the Indictment.

        B.      **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.  Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

17.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///
///

Clais Daniels-Edwards
Re: Sierzega Plea Agreement Letter
Page 8

18.  **Deadline**:  This plea offer expires if not accepted by May 24, 2024, at 5:30 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Robert S. Trisotto*

ROBERT S. TRISOTTO
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I am satisfied with the advice and assistance my attorney has provided to me.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

_____
Date

_____
ROSS BENJAMIN SIERZEGA
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____
Date

_____
CLAIS DANIELS-EDWARDS

Attorney for Defendant
ROSS BENJAMIN SIERZEGA