NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ROBERT S. TRISOTTO, NYB #4784203**
Assistant United States Attorney
Robert.Trisotto@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:24-cr-00041-HZ |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| ROSS BENJAMIN SIERZEGA, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Ross Sierzega fraudulently used an 85-year-old man's debit card 32 times to steal $16,000 from his Wells Fargo bank account. He also stole mail from a local community mailbox. For his misconduct, defendant pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344(2), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Sentencing is set for October 25, 2024.

On October 10, 2024, the United States Probation and Pretrial Services Office ("Probation") disclosed its Presentence Report ("PSR") and Sentencing Recommendation ("Rec."). Probation calculated defendant's total offense level under the United States Sentencing

Guidelines (the "Guidelines") for defendant's Bank Fraud conviction as 11 and criminal history as Category II, resulting in a Guidelines range of 10 to 16 months' imprisonment. (PSR ¶ 103.) Additionally, in its Sentencing Recommendation, Probation recommended that the Court sentence defendant to 30 months' imprisonment—consisting of 6 months' imprisonment for defendant's Bank Fraud conviction plus a mandatory consecutive 24 months' imprisonment for defendant's Aggravated Identity Theft conviction—a 3-year period of supervised release, no fine, $200 in special assessments, and $16,000 in restitution. (Rec. at 1.)

The United States agrees with Probation's Guidelines calculations but respectfully disagrees with its recommended sentence to the extent it includes a below-Guidelines range term of imprisonment for defendant's Bank Fraud conviction. Rather, the Court should impose a low-end Guidelines sentence of 10 months' imprisonment (rather than 6 months) on defendant's Bank Fraud conviction, which would result in a 34-month term of imprisonment. A term of imprisonment of 34 months satisfies the goals of sentencing by fairly balancing the nature, circumstances, and seriousness of the offense with defendant's history and characteristics and the need to protect the public from defendant committing future crimes.

## II. FACTUAL BACKGROUND

### A. Defendant Used an 85-Year-Old Man's Debit Card to Withdraw Money From Wells Fargo ATMs

Defendant admitted to the following facts in his Plea Agreement Letter (ECF No. 20 ¶ 5):

Beginning on an unknown date and continuing until at least on or about February 15, 2023, defendant knowingly carried out a scheme to obtain money from Wells Fargo Bank, N.A., a federally insured financial institution, by making false statements or promises. Specifically, on an unknown date, defendant obtained a stolen debit card of an 85-year-old man ("Adult Victim

1"). On or about January 31, 2023, defendant knowingly used Adult Victim 1's debit card and automatic teller machine ("ATM") personal identification to withdraw $500 from a Wells Fargo Bank, N.A. ATM located in Salem, Oregon. In doing so, defendant falsely represented to Wells Fargo Bank that defendant was an authorized user of Adult Victim 1's debit card and concealed from Wells Fargo Bank that defendant did not have Adult Victim 1's consent to use the stolen debit card or ATM personal identification number.

Defendant knew that these statements or promises made to Wells Fargo Bank, N.A., on or about January 31, 2023 were false and defendant acted with the intent to defraud. These statements or promises were also material because they had a natural tendency to influence Wells Fargo Bank, N.A., to part with money, namely $500.

Additionally, defendant knew that he did not have lawful authority to use Adult Victim 1's debit card and ATM personal identification number, both of which are means of identification. Defendant also knew that Adult Victim 1 was a real person. In total, defendant fraudulently obtained $16,000 from Wells Fargo Bank, N.A., by using Adult Victim 1's stolen debit card.

### B. Additional Relevant Conduct

In addition to stealing $16,000 from Adult Victim 1, defendant also stole mail from victims. Specifically, as relevant to Count 7 of the Indictment, Mail Theft, on October 5, 2023, a resident who used a community mailbox on Rivercrest Dr. N. in Keizer, Oregon ("Adult Victim 2") reported to the Keizer Police Department that mail was stolen from his mailbox. According to Adult Victim 2, he checked his neighbor's video surveillance footage because he believed a package had been delivered to him but was missing, and saw that a person on a bicycle opened the set of mailboxes and stole mail from them.

About two weeks later, on October 18, 2023, Adult Victim 2 reported another mail theft and provided his neighbor's video surveillance footage showing a white car pulling up to the mailbox and a male getting out of the front passenger's side of the car. The male then easily opens the mailbox using an unauthorized access device key, takes mail out of it, and then closes the mailbox and leaves.

The next day, October 19, 2023, Adult Victim 2 reported a third mail theft and provided the supporting video footage. It showed the same white car pulling up to the mailboxes. Again, a male—who was subsequently identified as defendant—gets out of the front passenger side of the car, easily opens the mailbox, and takes mail out, as shown in the photograph below.



### III. THE PRESENTENCE REPORT

On October 10, 2024, Probation disclosed the PSR to the parties and issued its Sentencing Recommendation.

#### A. Defendant's Total Offense Level is a 11

In the PSR, Probation concluded that defendant's total offense level is 11, calculated as follows:

///

| Description | No. | Guideline Section |
|---|---|---|
| Base Offense Level | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss Btw $15,000 and $40,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Substantial Financial Hardship | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(iii) |
| Acceptance | -2 | U.S.S.G. § 3E1.1(a) |
| **Total:** | **11** | |

(PSR ¶¶ 44-53.)

Additionally, Probation found that, under U.S.S.G. § 2B1.6, the guideline sentence for Aggravated Identity Theft, is a 24-month term of imprisonment consecutive to any other sentence. (*Id.* ¶ 54.)

### B. Defendant is in Criminal History Category II

The PSR concluded that defendant is in Criminal History Category II because defendant has three criminal history points. (PSR ¶ 59.) Those three points result from a 2012 conviction for the crimes of unauthorized use of a motor vehicle, burglary, criminal mischief, and driving under the influence. (*Id.* ¶ 57.)

### C. Probation Recommended a Sentence of 30 Months' Imprisonment

With a total offense level of 11 and a criminal history category of II, Probation determined that defendant falls within an advisory Guidelines range of 10 to 16 months' imprisonment. (PSR ¶ 103.) After adjusting for the consecutive 24-month term of imprisonment for Aggravated Identity Theft, Probation recommended a below-Guidelines range sentence of 30 months' imprisonment, a 3-year period of supervised release, no fine, $200 in special assessments, and $16,000 in restitution. (Rec. at 1.)

## IV. THE UNITED STATES' POSITION ON THE PRESENTENCE REPORT

The United States concurs with the Guideline calculations and criminal history computation set forth in the PSR.

## V. THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

The United States respectfully disagrees with Probation's recommended sentence only insofar as it recommends a below-Guidelines range sentence and, for the reasons discussed below, the United States respectfully requests that the Court impose the following sentence: (1) a term of imprisonment of 34 months, (2) a 3-year period of supervised release, with the terms recommended by Probation, (3) $200 in special assessments, and (4) $16,000 in restitution.

### A. Nature, Circumstances, and Seriousness of the Offense

Defendant has been convicted of two serious crimes, Bank Fraud and Aggravated Identity Theft. Over the course of more than a month, defendant carried out his scheme to defraud Wells Fargo and harm Adult Victim 1, a vulnerable 85-year-old man, 32 times, withdrawing $500 in each instance from a Wells Fargo ATM. Additionally, defendant stole mail from Adult Victim 2 and other residents who used his community mailbox on at least three occasions. These actions are serious and warrant a low-end 34-month term of imprisonment.

### B. Defendant's History and Characteristics

While the crimes are serious, defendant's background provides mitigating information. Defendant had a difficult upbringing, with his parents separating when he was a baby and bouncing between the care of his father and mother as a child. (PSR ¶ 126.) At age 10, defendant was placed in the full-time custody of his father because of his father's complications with paranoid schizophrenia and because his father was using methamphetamine. (*Id.* ¶ 127.)

Then, at the age of 15, defendant was sent back to his father to live with due to behavioral issues. (*Id.*)

Defendant has also had mental health issues since he was a boy. He was diagnosed with depression, anxiety, PTSD, and ADHD when he was six or seven years old, and placed on several psychotropic medications which he took until he was about 15 years old. (PSR ¶ 126.) On top of those health issues, defendant has been battling substance abuse. He started using methamphetamine when he was 18, started using heroin when he was 21, and before being arrested in this case, was using crack cocaine every other day and methamphetamine and fentanyl daily. (*Id.* ¶ 127.)

When balanced against other 3553(a) factors, this mitigating information supports the United States' low-end Guidelines recommendation of 34 months' imprisonment as opposed to a higher sentence.

### C. Need to Protect the Public, Provide Adequate Deterrence, and Protect the Public

The Court should also impose the recommended sentence of 34 months' imprisonment to protect the public, promote respect for the law, provide for general and specific deterrence, and provide for just punishment. Before being arrested, defendant had been wreaking havoc on the local community for the past couple years by stealing their mail and identities, and using it to engage in fraudulent transactions. The federal charges in this case are only a snapshot of defendant's recent crimes for which charges are pending in State court. As discussed in the PSR, defendant has 52 charges pending in 10 separate cases for his misconduct between 2017 and 2024. (PSR ¶¶ 62-65g.)

Thus, a lengthy sentence of 34 months' imprisonment will provide defendant with ample time to consider the consequences of his actions, promote a respect for the law, and deter him from committing crimes when he is released from prison.

### D. Need to Avoid Unwarranted Sentencing Disparities

Section 3553(a)(6) requires a court to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty for similar conduct." According to Probation, during the past five years, the average length of imprisonment imposed was 34 months and the median length of imprisonment imposed was 35 months for 6 defendants whose primary guideline was § 2B1.1, and who were convicted of at least one count of § 1028A, with a total offense level of 11 and a criminal history category of II. (PSR ¶ 123.) Thus, the United States' recommended 34 month term of imprisonment would not create an unwarranted sentencing disparity.

## VI. RESTITUTION

The United States agrees with Probation that the restitution amount owed under 18 U.S.C. § 3663A to Wells Fargo Bank is $16,000. (PSR ¶ 117.)

///

///

## VII. CONCLUSION

The Court should sentence defendant to: (1) a term of imprisonment of 34 months, (2) a 3-year period of supervised release, with the terms recommended by Probation, (3) $200 in special assessments, and (4) $16,000 in restitution.  Furthermore, consistent with the parties' agreement, the Court should order that any sentence imposed by the Court in this case should run concurrently to any sentence that may later be imposed against defendant in these pending State cases.  (ECF No. 20 ¶ 9).

Dated: October 11, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney


 */s/ Robert S. Trisotto*
ROBERT S. TRISOTTO
Assistant United States Attorney